Manuel RAYA–LEDESMA, Petitioner,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 93–70392.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1994.

Decided Dec. 12, 1994.

Amended May 11, 1995.

Jan Joseph Bejar, San Diego, CA, for petitioner.

Norah Ascoli Schwarz, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, DC, for respondent.

### ORDER

The opinion filed on December 12, 1994, 42 F.3d 1263, is amended as follows: [Editors Note: Amendments incorporated for purposes of publication]

Petition for Review of an Order of the Board of Immigration Appeals.

Before: WALLACE, Chief Judge, and REINHARDT and BRUNETTI, Circuit Judges.

### AMENDED OPINION

BRUNETTI, Circuit Judge:

Manuel Raya–Ledesma (Raya–Ledesma) seeks review of the final order of the Board of Immigration Appeals (BIA), which found

him statutorily ineligible for relief from deportation under § 212(c) of the Immigration and Nationality Act (Act), 8 U.S.C. § 1182(c) (1988 & Supp. V 1993). We have jurisdiction pursuant to 8 U.S.C. § 1105a, and now deny Raya–Ledesma's petition.

## I.

Raya–Ledesma is a 43–year–old native and citizen of Mexico. He entered the United States without inspection in 1978, obtained legal status as a temporary resident alien on July 21, 1987, and became a lawful permanent resident of the United States under the legalization provisions of the Immigration Reform and Control Act of 1986 on December 20, 1990.

On February 6, 1992, Raya–Ledesma was convicted in the United States District Court for the Eastern District of North Carolina for conspiracy to possess with intent to distribute two kilograms of cocaine and one hundred pounds of marijuana in violation of 21 U.S.C. § 846 (1988), and for using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (1988). Raya–Ledesma's sentence for these convictions included: five years of probation, 45 days of confinement, 100 hours of community service, and other restrictions.

On April 28, 1992, the INS initiated deportation proceedings against Raya–Ledesma under § 241(a)(2)(C) of the Act, 8 U.S.C. § 1251(a)(2)(C) (1988 & Supp. V 1993), for his conviction of a firearms violation, and § 241(a)(2)(A)(iii), 8 U.S.C. § 1251(a)(2)(A)(iii) (1988 & Supp. V 1993), for his conviction of an aggravated felony. At the proceeding on October 16, 1992, Raya–Ledesma conceded deportability as charged, but requested an opportunity to apply for relief from deportation under § 212(c) of the Act. On the basis of a finding that Raya–Ledesma was statutorily ineligible, the immigration judge declined to consider Raya–Ledesma's application for § 212(c) relief, and ordered that he be deported. On April 1, 1993, the BIA affirmed the deportation order on appeal. Raya–Ledesma petitions for review of the BIA's decision.

## II.

In his appeal, Raya–Ledesma argues that he should be afforded discretionary relief from deportation under § 212(c) because current interpretation of the statute is contrary to the statute's plain meaning and congressional intent. He also argues that current interpretation violates principles of equal protection by irrationally distinguishing between groups of aliens on the basis of residency. Because Raya–Ledesma does not satisfy the seven-year permanent residency requirement and because we conclude that requirement is rational, Raya–Ledesma is not statutorily eligible for relief under § 212(c). Therefore, we reach no other issue.

Section 212(c) of the Act provides in pertinent part:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of ... subsection (a) [classes of excludable aliens]....

8 U.S.C. § 1182(c).

Although this section literally applies only in exclusion proceedings, we have extended its application to deportation proceedings as well. *See Tapia–Acuna v. INS*, 640 F.2d 223 (9th Cir.1981). Thus, Raya–Ledesma could have been considered for § 212(c) relief from deportation if he met the statutory requirements.

To be eligible for relief under § 212(c) an alien must have "a lawful unrelinquished domicile of seven consecutive years" in the United States. In *Castillo–Felix*, we interpreted this statement to mean that "aliens must accumulate seven years of lawful unrelinquished domicile after their admission for permanent residence" to be eligible for relief. *Castillo–Felix v. INS*, 601 F.2d 459, 467 (9th Cir.1979). Raya–Ledesma has not been a lawful permanent resident for seven years

420

and therefore does not qualify for relief under this provision.[1]

■ Raya–Ledesma's equal protection challenge to our interpretation of § 212(c) attacks the constitutionality of treating him differently from other similarly situated lawful permanent residents solely as a consequence of the length of time he has belonged to that class.[2] Aliens are entitled to equal protection under the laws. *Castillo–Felix*, 601 F.2d at 467. However, " 'the right of a permanent resident alien to remain in this country has never been held to be the type of "fundamental right" which would subject classification touching on it to strict judicial scrutiny, . . . .' " *Id.* (quoting *Francis v. INS*, 532 F.2d 268, 272 (2d Cir.1976)). Consequently, the limitation of § 212(c) relief to aliens who have been legally permanent residents for over seven years does not violate principles of equal protection if it has a rational basis. *See id.*

We have previously held that the INS limitation of § 212 relief to legal permanent residents who have held that status for more than seven years is consistent with congressional intent to allow aliens to escape from deportation if they have established a strong relationship with this country. *See id.* at 466–67. It is rational for Congress to use seven years as the yardstick with which to measure when a legal permanent alien has established a strong relationship to this country. Because there is a rational reason to limit the availability of § 212(c) relief to permanent legal residents who have had that status for over seven years, Raya–Ledesma's right to equal protection has not been violated.

III.

We have considered all of Raya–Ledesma's arguments and we have found them to be without merit since he is ineligible for relief under § 212(c). Accordingly, the petition for review is denied.

DENIED.

1. The date on which Raya–Ledesma became a permanent resident is open to dispute. Raya–Ledesma contends that his adjustment of status occurred on December 20, 1988. The INS cites December 20, 1990 as the proper date. The BIA cited both dates. Neither date renders him eligible for relief.

In their petitions for rehearing, Raya–Ledesma and Amici point out that *Castillo–Felix* interpreted the scope of § 212(c) before the passage of the Immigration Reform and Control Act of 1986 (ICRA), Pub.L. 99–603, § 1 *et seq.*, 100 Stat. 3359. They argue that since the ICRA created a new immigration category—Temporary Resident Status—the rule of *Castillo–Felix* is outdated and

should not be relied upon. We decline to reach this issue because it does not appear Raya–Ledesma raised this issue before the BIA and he did not specifically raise it in his Opening or Reply Briefs to this court.

2. The only equal protection argument Raya–Ledesma raised, and the only one we address, is the constitutionality of treating similarly situated *lawful permanent residents* differently based on the duration of their domicile in the United States. We do not reach any possible constitutional implications of the proposed application of § 212(c) to temporary resident aliens.