**Jose Jesus PEREZ–OROPEZA,
Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

**No. 94–70291.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 16, 1995 *.

Decided June 1, 1995.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Eric Beaudikofer, El Centro, CA, for petitioner.

Brenda E. Ellison, Office of Immigration Litigation, Washington, DC, for respondent.

Before: WALLACE, Chief Judge, HUG, and NOONAN, Circuit Judges.

HUG, Circuit Judge:

Jose Jesus Perez–Oropeza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision (1) finding Perez–Oropeza deportable, pursuant to 8 U.S.C. § 1251(a)(1)(E)(i), for aiding in the illegal entry of his brother into the United States within five years of Perez–Oropeza's entry, and (2) finding him ineligible for section 1251(a)(1)(E)(iii) relief, which allows the Attorney General, in her discretion, to waive deportation under clause (i) for aliens who aided in the illegal entry of a "spouse, parent, son, or daughter (and no other individual)...." *See* 8 U.S.C. § 1251(a)(1)(E)(iii).

On petition for review, Perez–Oropeza's only contention is that the BIA violated his right to equal protection when it found him statutorily ineligible for a waiver of deportation pursuant to 8 U.S.C. § 1251(a)(1)(E)(iii). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.

I

Standard of Review

"We review de novo the BIA's determination of purely legal questions regarding the requirements of the Immigration and Nationality Act" ("INA"). *Komarenko v. INS,* 35 F.3d 432, 434 (9th Cir.1994).

II

Merits

"Aliens are entitled to equal protection under the laws." *See Raya–Ledesma v. INS,* 42 F.3d 1263, 1265 (9th Cir.1994); *Garberding v. INS,* 30 F.3d 1187, 1190 (9th Cir. 1994) ("[i]t is well established that ... aliens ... are protected by the Due Process Clause

of the Constitution [which] incorporates the guarantees of equal protection" (quotations and citations omitted)).

 Nevertheless, "[f]ederal authority in the areas of immigration and naturalization is plenary." *Mendoza v. INS,* 16 F.3d 335, 338 (9th Cir.1994). Accordingly, statutory restrictions which limit relief from deportation to certain classes of aliens "are valid unless wholly irrational." *Garberding,* 30 F.3d at 1190 (quotations and citations omitted); *see, e.g., Raya–Ledesma,* 42 F.3d at 1265 (statute restricting eligibility for section 212(c) relief to aliens who have been lawful permanent residents for seven or more years is supported by a rational basis and thus does not violate an alien's right to equal protection).

Section 1251(a)(1)(E)(iii) provides the following:

> The Attorney General may, in [her] discretion for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest, waive application of clause (i) in the case of any alien lawfully admitted for permanent residence if the alien has encouraged, induced, assisted, abetted, or aided the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of the law.

*See* 8 U.S.C. § 1251(a)(1)(E)(iii).

 Here, a rational basis exists for Congress to limit this waiver to immediate family members given the close relationship between parent and child and between spouses. The uniqueness of these relationships has long been recognized by the courts. For example, in *Lassiter v. Department of Social Servs.,* the Supreme Court stated:

> [t]his Court's decisions have by now made plain beyond the need for multiple citation that a parent's desire for and right to the companionship, care, custody, and management of his or her children is an important interest that undeniably warrants deference. . . .

452 U.S. 18, 27, 101 S.Ct. 2153, 2159–60, 68 L.Ed.2d 640 (1981) (quotations and citations omitted); *Kelson v. City of Springfield,* 767 F.2d 651, 654 (9th Cir.1985) ("parents have a fundamental liberty interest in maintaining a relationship with their children which is protected by the Fourteenth Amendment"). Likewise, the Court has recognized the sanctity of the marital relationship. *See Zablocki v. Redhail,* 434 U.S. 374, 384, 98 S.Ct. 673, 680, 54 L.Ed.2d 618 (1978) (marriage is "the most important relationship in life" and "the foundation of the family and society, without which there would be neither civilization nor progress" (quotations and citations omitted)); *Skinner v. Oklahoma ex rel. Williamson,* 316 U.S. 535, 541, 62 S.Ct. 1110, 1113, 86 L.Ed. 1655 (1942) (marriage is one of "the basic civil rights of man"). In *Griswold v. Connecticut,* the Court described the marriage relationship as encompassing rights

> older than the Bill of Rights—older than our political parties, older than our school systems. Marriage is a coming together for better or for worse, hopefully enduring, and intimate to the degree of being sacred. It is an association that promotes a way of life, not causes; a harmony in living, not political faiths; a bilateral loyalty, not commercial or social projects. Yet it is an association for as noble a purpose as any involved in our prior decisions.

381 U.S. 479, 486, 85 S.Ct. 1678, 1682, 14 L.Ed.2d 510 (1965).

In the immigration context, eligibility for admission into this country or for relief from deportation or exclusion are often predicated upon the presence of one of these unique relationships. *See, e.g.,* 8 U.S.C. § 1151(b)(2)(A)(i) (exempting "immediate relatives," defined as "children, spouses, and parents," from the numerical limitation on immigration to the United States); *INS v. Hector,* 479 U.S. 85, 87–88, 107 S.Ct. 379, 381, 93 L.Ed.2d 326 (1986) (Court held that BIA did not have to consider the hardship to the nieces of an alien seeking suspension of deportation because statute's clear language limited the "hardship" inquiry to the alien

and to the alien's United States citizen or lawful permanent resident "spouse, parent, or child").

 As the Court in *Hector* observed: [w]ith respect to each of these legislative policy distinctions, it could be argued that the line should have been drawn at a different point and that the statutory definitions deny preferential status to some who share strong family ties. But it is clear from our cases that these are policy questions entrusted exclusively to the political branches of our Government, and we have no judicial authority to substitute our political judgment for that of Congress.

*Id.* at 89, 107 S.Ct. at 382 (quotations, ellipses, and citations omitted). Thus, given the statute's clear language and the rational basis supporting the statute, we find no violation of Perez–Oropeza's right to equal protection by the BIA's limiting eligibility for a section 1251(a)(1)(E)(iii) waiver to those situations in which the alien aided in the illegal entry of a family member specifically enumerated in the statute.

**PETITION FOR REVIEW DENIED.**