52 F.3d 333
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Roberto MARTINEZ-ALVAREZ, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70814.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 10, 1995.
As Amended on Denial of Rehearing and Suggestion for
Rehearing En Banc Aug. 14, 1995.
 
 1
 Before: D.W. NELSON and CANBY, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Roberto Martinez-Alvarez petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his request for a waiver of deportation pursuant to section 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c), or for a grant of voluntary departure pursuant to section 244(3) of the Act, 8 U.S.C. Sec. 1254(e). Martinez-Alvarez argues that (1) the BIA erred in finding him statutorily ineligible for a section 212(c) waiver; (2) section 212(c)'s residency requirement violates his right to equal protection of the law; (3) the BIA erred in finding no statutory or due process violation arising from the failure of the immigration judge ("IJ") to permit testimony on the circumstances surrounding his conviction; (4) the ineligibility of convicted drug offenders for voluntary departure constitutes a bill of attainder; and (5) the exclusion of convicted drug offenders from being classified as having "good moral character" creates an unconstitutional irrebuttable presumption. We have jurisdiction under 8 U.S.C. Sec. 1105(a), and we deny the petition.
 
 I.
 
 4
 We review the BIA's interpretation of a statute de novo. Lepe-Guitron v. INS, 16 F.3d 1021, 1025 (9th Cir.1994). Claims of due process violations arising from deportation proceedings are also reviewed de novo. Getachew v. INS, 25 F.3d 841, 845 (9th Cir.1994).
 
 II.
 
 5
 Martinez-Alvarez claims that the BIA erred in finding that he was statutorily ineligible for a section 212(c) waiver because he had not lived in the United States as a lawful permanent resident for "seven consecutive years." 8 U.S.C. Sec. 1182(c). He contends that his period of "unrelinquished domicile" in the United States should include the years spent both as a temporary resident (from 1988 to 1989) and as an undocumented immigrant (from 1978 to 1988). This argument fails because the requirement of "seven consecutive years" of "lawful unrelinquished domicile" cannot be construed to include time spent in this country in an entirely unlawful status. Rava-Ledesma v. INS, 42 F.3d 1263, 1265 (9th Cir. 1985), as amended, slip op. 5233 (9th Cir. May 11, 1995); Avila-Murrieta v. INS, 762 F.2d 733, 734 (9th Cir. 1985). Even if Martinez-Alvarez'a temporary residence status under the legalization program were to count toward the seven years, an issue we do not decide, Martinez-Alvarez would still be statutorily ineligible because he would not have accrued seven years. He acquried temporary residence status in 1988, only three years prior to the istitution of deportation proceedings. Because Martinez-Alvarez had been a permanent resident for only two years prior to the institution of deportation proceedings, he is statutorily ineligible for a section 212(c) waiver.
 
 III.
 
 6
 Martinez-Alvarez's claim that the seven-year residency requirement violates his right to equal protection of the laws lacks merit. Raya-Ledesma, 42 F.3d at 1265. In addition, the fact that the Second Circuit calculates the seven-year period differently does not create an equal protection violation. See Castillo-Felix v. INS, 601 F.2d 459, 467 (9th Cir.1979) (holding that the fact that different circuits interpret a statute differently does not offend the Equal Protection Clause). In any event, Martinez-Alvarez still would be ineligible under the Second Circuit's interpretation, which does not count time spent in the United States without legal status toward the seven-year requirement. See Lok v. INS, 681 F.2d 107, 110 (2d Cir.1982).
 
 IV.
 
 7
 Martinez-Alvarez's claims of statutory and due process violations arising from the IJ's refusal to admit testimony on the circumstances surrounding his drug conviction fail because he cannot establish prejudice. See Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988) (requiring a showing of prejudice to overturn a deportation order based on a violation of statutory procedural rights); El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review, 959 F.2d 742, 751 (9th Cir.1991) (requiring a showing of prejudice to establish a due process violation arising from denial of a full and fair hearing) (quoting Nicholas v. INS, 590 F.2d 802, 809 (9th Cir.1979)). Although the BIA must review the underlying circumstances of the alien's conviction when considering whether to grant a section 212(c) waiver, Elramly v. INS, --- F.3d ----, No. 93-70369, slip op. at 2445, 1995 WL 82905, at * 3 (9th Cir. Mar. 2, 1995), the failure to permit testimony on the conviction was not prejudicial because Martinez-Alvarez was statutorily ineligible for such a waiver. Accordingly, there was no due process violation.
 
 V.
 
 8
 Martinez-Alvarez also claims that section 244(e)'s explicit exclusion of aliens convicted of drug crimes from eligibility for voluntary departure, 8 U.S.C. Sec. 1254(e)(1) (denying voluntary departure to aliens deportable for reasons listed in section 1251(a)(2)); 8 U.S.C. Sec. 1251(a)(2) (listing drug offenses as grounds for deportation), constitutes an unconstitutional bill of attainder. This argument fails because the Bill of Attainder Clause does not apply to deportation statutes. See Artukovic v. INS, 693 F.2d 894, 897 (9th Cir.1982); Rubio de Cachu v. INS, 568 F.2d 625, 628 (9th Cir.1977).
 
 VI.
 
 9
 Because we reject the bill of attainder argument, the statute's denial of voluntary departure to convicted drug offenders renders Martinez-Alvarez ineligible for voluntary departure regardless of whether he was "a person of good moral character." See 8 U.S.C. Sec. 1254(e). Accordingly, we need not address the issue of whether the statute's definition of "good moral character" creates an unconstitutional irrebuttable presumption.
 
 
 10
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3