72 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfredo DUENAS-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70145.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1995.*
Decided Dec. 6, 1995.
 
 1
 Before: HALL, and NOONAN, Circuit Judges, and PRO, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Alfredo Duenas-Lopez seeks review of the Board of Immigration Appeals' ("BIA") final order of deportation rendered on March 4, 1994. Duenas-Lopez contends that the Immigration Judge ("IJ") erred in denying his motion for a continuance, refusing to admit evidence regarding the nature and circumstances of his arrest which led to his conviction, and declining to address his eligibility for relief under Sec. 212(c) of the Immigration and Nationality Act, codified at 8 U.S.C. Sec. 1182(c). We have jurisdiction under 8 U.S.C. Sec. 1105a, and we deny the petition.
 
 I. Request for Continuance
 
 4
 Duenas-Lopez asserts that the BIA erred in upholding the IJ's refusal to grant a continuance of the deportation hearing. An immigration judge may grant a request for a continuance of a deportation trial on a showing of good cause. 8 C.F.R. Sec. 242.13 (1995). The decision to grant or deny a continuance is in the sound discretion of the IJ. Rios-Berrios v. I.N.S., 776 F.2d 859, 862 (9th Cir.1985). We will not overturn such a decision except on a showing of clear abuse. De La Cruz v. I.N.S., 951 F.2d 226, 229 (9th Cir.1991).
 
 
 5
 Duenas-Lopez argues that good cause existed to grant a continuance because he needed to work on his petition for a writ of habeas corpus. Under immigration law, a conviction subject to collateral attack is still final. Grageda v. I.N.S., 12 F.3d 919, 921 (9th Cir.1993). An IJ does not abuse his discretion by refusing to continue an immigration proceeding where the alien seeks solely to collaterally attack his earlier conviction. Id. at 922.
 
 
 6
 II. Circumstances Surrounding Arrest and Conviction
 
 
 7
 At his deportation hearing, the IJ refused to consider evidence and testimony on whether Duenas-Lopez's arrest violated the Fourth Amendment, so as to render his drug conviction invalid. Duenas-Lopez argues that this was error, under INS rules and under the Due Process Clause of the Fifth Amendment.
 
 
 8
 It is well-settled that once a conviction is final, it cannot be reexamined by the INS unless (1) it is void on its face; or (2) the IJ is considering discretionary relief. Ortega de Robles v. INS, 58 F.3d 1355, 1358 (9th Cir.1995); Avila-Murrieta v. INS, 762 F.2d 733, 736 (9th Cir.1985) (recognizing void on face exception); Trench v. INS, 738 F.2d 181 (10th Cir.), cert. denied, 479 U.S. 961 (1986) (recognizing discretionary relief exception). We find Duenas-Lopez ineligible for Sec. 212(c) discretionary relief (see below) and he does not claim that his conviction is void on its face. Thus, he cannot ask the IJ to reexamine his conviction and any evidence or testimony offered for that purpose is irrelevant. Since the failure to reexamine such a conviction cannot be prejudicial, Avila-Murrieta, 762 F.2d at 736, Duenas-Lopez could suffer no Due Process violation.
 
 III. Equal Protection
 
 9
 Duenas-Lopez was denied relief under the INA Sec. 212(c). That section states: "Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven years, may be admitted in the discretion of the Attorney General...." 8 U.S.C. Sec. 1182(c).
 
 
 10
 In De Robles v. INS, 58 F.3d 1355 (9th Cir.1995), we held that a lawful permanent resident who gained such status under the Immigration Reform and Control Act, codified at 8 U.S.C. Sec. 1255a, by first becoming a temporary resident, established "lawful unrelinquished domicile" as of the date of the application for amnesty. Id. at 1360-61. Because Duenas-Lopez did not apply for temporary status until November 30, 1988, he is not eligible for Sec. 212(c) relief.
 
 
 11
 Duenas-Lopez nevertheless claims that Sec. 212(c)'s seven-year protected status requirement violates the Equal Protection clause of the Constitution. We find such argument meritless. In Raya-Ledesma v. I.N.S., 55 F.3d 418, 420 (9th Cir.1994), we held that the limitation of Sec. 212(c) relief to aliens who have held the status of legal permanent resident does not violate principles of equal protection. To the extent that our holding in De Robles shifts the focus to the time accrued from the date the alien applies for amnesty, our holding in Raya-Ledesma is not altered. Because there is a rational basis in allowing aliens to escape from deportation if they have established a strong relationship with this country as indicated by their holding a protected status for more than seven years, Duenas-Lopez's right to equal protection has not been violated. Raya-Ledesma, 55 F.3d at 420.
 
 
 12
 We have considered all of Duenas-Lopez's arguments and we have found them to be without merit. Accordingly, the petition for review is denied.
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3