Simon GONZALEZ–ALVARADO,
Petitioner—Appellant,

v.

Adele J. FASANO, Dist. Director,
Respondent—Appellee.

No. 01–55759.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2002.*

Submission Vacated and Deferred
Feb. 27, 2003.

Decided March 22, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

**514**

Marc A. Karlin, Esq., Los Angeles, CA, for Petitioner–Appellant.

US Attorney CV, Office of the U.S. Attorney, San Diego, CA, Marion E. Guyton, Attorney, Jeffrey J. Bernstein, Esq., U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before: BEEZER, KOZINSKI and WARDLAW, Circuit Judges.

MEMORANDUM **

In 1998, Gonzalez–Alvarado was ordered deported under 8 U.S.C. § 1227(a)(1)(E)(I) for engaging in alien smuggling activity within five years of entry into the United States. Gonzalez appeals the denial of his habeas petition alleging that: 1) his alien smuggling activity did not occur within five years of an entry into the United States; 2) 8 U.S.C. § 1229b(c)(6) violates equal protection; 3) his right to due process was violated when the BIA issued a decision without opinion; and 4) his counsel was ineffective. We affirm the district court's denial of the habeas petition.

I

8 U.S.C. § 1227(a)(1)(E)(I) provides that an alien who knowingly encourages, induces, assists, abets or aids another alien to illegally enter the United States within five years from the date of any of his own entries is deportable. Gonzalez–Alvarado knowingly engaged in alien smuggling activity in 1997. The district court correctly held that this activity was within five years of his entries in 1993 and 1996. Gonzalez–Alvarado entered the United States in 1993 when he crossed the border from Mexico. He also entered the United

States in 1996 when an immigration judge granted his 212(c) petition and ordered that he be admitted to the United States as a legal permanent resident. The district court correctly found Gonzalez–Alvarado deportable under 8 U.S.C. § 1227(a)(1)(E)(I).

II

■ Gonzalez–Alvarado contends that 8 U.S.C. § 1229b(c)(6), which precludes relief from removal for certain classes of aliens, violates equal protection. Section 1229b(c)(6) states that cancellation of removal is not available for "[a]n alien whose removal has previously been cancelled under this section or whose deportation was suspended under section 244(a) [8 U.S.C. § 1254(a) ] or who has been granted relief under section 212(c) [8 U.S.C. § 1182(c) ]."

Classifications of aliens by Congress are subject only to rational basis equal protection review. *Angulo–Dominguez v. Ashcroft*, 290 F.3d 1147, 1151 (9th Cir.2002). "[S]tatutory restrictions which limit relief from deportation to certain classes of aliens are valid unless wholly irrational." *Perez–Oropeza v. INS*, 56 F.3d 43, 45 (9th Cir.1995) (internal quotation marks omitted). "In cases alleging constitutional infirmities in immigration laws, this court must determine if there is a facially legitimate and bona fide reason for enacting a discriminatory rule." *United States v. Viramontes–Alvarado*, 149 F.3d 912, 916 (9th Cir.1998) (internal quotation marks omitted).

Section 1229b(c)(6) provides that aliens who have previously received relief from removal under the stated provisions cannot receive relief from removal a second time. The statute reflects a rational legislative decision that an alien should be excused

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

from removal only one time. Aliens who received waivers from removal under the statutory provisions that were in effect before the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, such as INA § 212(c), are considered to have exhausted their one opportunity for relief. Individuals who receive their first and only waiver under the new 8 U.S.C. § 1229b use their one opportunity for cancellation of removal at that time. Section 1229b(c)(6) does not violate equal protection.

### III

The BIA affirmed the Immigration Judge's decision without issuing an opinion. This did not violate Gonzalez–Alvarado's due process rights. *Carriche v. Ashcroft,* 350 F.3d 845, 848 (9th Cir.2003).

### IV

■ Gonzalez–Alvarado asserts that his counsel was ineffective. Although Gonzalez–Alvarado did not move to re-open his case before the BIA on this claim, this failure does not bar this court from hearing the claim. *Dearinger ex rel. Volkova v. Reno,* 232 F.3d 1042, 1045 (9th Cir. 2000).

■ "There is no constitutional right to counsel in deportation proceedings." *Id.* However, "[d]ue process ... must be accorded." *Id.* To show a due process violation, "an alien must prove not merely ineffective assistance of counsel, but assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing." *Id.* (internal quotation marks omitted). A party must demonstrate that the counsel's actions resulted in prejudice to

the party. *Taniguchi v. Schultz,* 303 F.3d 950, 958 (9th Cir.2002).

Gonzalez–Alvarado has not met this burden. He has not presented any argument that his counsel should have made to the BIA or evidence that his counsel failed to present. He has not shown that his hearing was fundamentally unfair or that he was prejudiced by the actions of his counsel. His ineffective assistance of counsel claim fails.

**AFFIRMED.**