**Rodolfo GARCIA–CASTILLO,**
**Petitioner,**

v.

**Alberto GONZALES,\* Attorney**
**General, Respondent.**

No. 03–73908.
Agency No. A75–176–604.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2005.\*\*

Decided May 27, 2005.

Bert M. Vega, Law Office of Bert M. Vega, Vallejo, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Margaret Perry, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

## MEMORANDUM***

Rodolfo Garcia–Castillo, a native and citizen of Mexico, appeals the Board of Immigration Appeals' summary affirmance of the Immigration Judge's determinations, which rescinded Garcia's lawful permanent resident status, denied him adjustment of status, and ordered him removed. We dismiss the petition in part and deny it in part.

▮ (1) Garcia first argues that his crime was not one of domestic violence because it was not clear that his relationship with the victim was a domestic one. However, because he did not raise that issue before the BIA, we lack jurisdiction to consider it. See Zara v. Ashcroft, 383 F.3d 927, 930—31 (9th Cir.2004); Cortez–Acosta v. INS, 234 F.3d 476, 480 (9th Cir.2000) (per curiam); Mabugat v. INS, 937 F.2d 426, 430 (9th Cir.1991); Vargas v. INS, 831 F.2d 906, 907—08 (9th Cir.1987).

(2) Garcia also argues that his due process rights were violated because the IJ's decision was not based upon sufficient evidence. He did not raise that issue before the BIA either. Thus, we also lack jurisdiction to consider that issue.

▮ (3) Finally, Garcia asserts that 8 U.S.C. § 1182(h) violates his right to equal protection of the law because it imposes a requirement upon lawful permanent residents that is not imposed upon unlawfully present aliens. But, due in part to Congress's exceptionally comprehensive power in the immigration area,[1] we have held that the provisions of the section in question, which distinguish between lawful permanent residents and others, have a rational basis. See Taniguchi v. Schultz, 303 F.3d 950, 957–58 (9th Cir.2002); see also Tovar–Landin v. Ashcroft, 361 F.3d 1164, 1167 (9th Cir.2004); Perez–Oropeza v. INS, 56 F.3d 43, 45 (9th Cir.1995). Other circuits have reached the same conclusion. See Latu v. Ashcroft, 375 F.3d 1012, 1020—21 (10th Cir.2004); De Leon–Reynoso v. Ashcroft, 293 F.3d 633, 638—40 (3d Cir.2002); Jankowski–Burczyk v. INS, 291 F.3d 172, 178—81 (2d Cir.2002); Lukowski v. INS, 279 F.3d 644, 647—48 (8th Cir.2002); Moore v. Ashcroft, 251 F.3d 919, 925—26 (11th Cir.2001); Lara–Ruiz v. INS, 241 F.3d 934, 947—48 (7th Cir.2001). Congress can look askance at a lawful permanent resident who cannot refrain from committing the morally turpitudinous crime of domestic violence[2] for a mere seven years after the lawful permanent resident privilege was conferred upon him.[3]

DISMISSED as to the claim that the crime was not one of domestic violence and as to the due process claim. DENIED as to the equal protection claim.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. See, e.g., Fiallo v. Bell, 430 U.S. 787, 792, 97 S.Ct. 1473, 1478, 52 L.Ed.2d 50 (1977).

2. See Grageda v. INS, 12 F.3d 919, 922 (9th Cir.1993); In re Tran, 1996 WL 170083, 21 I. & N. Dec. 291, 294 (B.I.A.1996); see also Guerrero de Nodahl v. INS, 407 F.2d 1405, 1406—07 (9th Cir.1969).

3. Garcia argues that Yeung v. INS, 76 F.3d 337, 339—40 (11th Cir.1995), is to the contrary, but that case involved idiosyncratic constructions by the BIA of language different from the clear legislative language involved in this case.