Maria Ceballos De ZAVALA,
Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73141.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 26, 2006.

Decided Aug. 3, 2006.

Maria Ceballos De Zavala, El Centro, CA, pro se.

CAS-District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, San Francisco, CA, David V. Bernal, Jennifer Paisner, Esq., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Maria Ceballos De Zavala petitions for review of the Board of Immigration Appeals' affirmance of the Immigration Judge's denial of her motion for suppression of evidence and denial of her application for cancellation of removal. We dismiss for lack of jurisdiction in part and deny in part.

■ (1) The claims made by Ceballos were not exhausted by presentation of them to the BIA, or, in general, even to the IJ. Therefore, with the exception of her equal protection claim, we lack juris-

diction to consider the issues she now raises. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004). Of course, Ceballos cannot avoid that result by casting her claims in the form of due process issues when, in fact, they point to problems that could have been resolved by the BIA. *See Liu v. Waters,* 55 F.3d 421, 425–26 (9th Cir.1995); *Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994).

■ One of the issues, Ceballos's suppression motion, merits special mention because she did raise *a* suppression issue before the BIA. However, the IJ denied suppression on two bases: (a) the regulation regarding prequestioning warnings was not violated at secondary inspection, and, (b) even if it were, the other evidence, including Ceballos's statements at primary inspection, sufficed to prove that she had committed the violation that justified her removal. *See* 8 U.S.C. § 1182(a)(6)(E)(i). Because Ceballos did not contest the second basis before the BIA, she failed to exhaust any claim based thereon and that alternative holding precludes relief here. *See MacKay v. Pfeil,* 827 F.2d 540, 542 n. 2 (9th Cir.1987) (per curiam).

■ (2) Ceballos cannot succeed with her contention that Congress violated her right to equal protection guaranteed by the United States Constitution when it declared that legal permanent residents (LPRs) who have not been admitted to that status for five years are not entitled to cancellation of removal. *See* 8 U.S.C. § 1229b(a)(1). She asserts that the violation comes about because some non-LPRs might be able to obtain relief not available to some LPRs under some circumstances. Of course, the equal protection guarantee does apply in immigration proceedings. *See Cordes v. Gonzales,* 421 F.3d 889, 896 (9th Cir.2005). But before that guarantee

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

is violated, distinctions between groups of aliens must be "wholly irrational." *Perez–Oropeza v. INS*, 56 F.3d 43, 45 (9th Cir. 1995) (internal quotation marks omitted). Because there are significant differences between LPRs and non-LPRs, it is rational for Congress to hold the former to higher levels of responsibility. *See Taniguchi v. Schultz*, 303 F.3d 950, 957–58 (9th Cir.2002). Moreover, non-LPRs are required to meet a number of conditions not imposed upon LPRs. *See* 8 U.S.C. § 1229b(b)(1).[1] There is no equal protection violation.

Petition DISMISSED in part and DENIED in part.

---

1. Incidentally, there is no reason to think that Ceballos would meet the non-LPR requirements. *See, e.g.,* 8 U.S.C. § 1101(f)(3) (alien smuggler lacks "good moral character" by definition); *see also* 8 U.S.C. § 1182(a)(6)(E)(i).

