**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAMON GONZALEZ DOMINGUEZ, AKA
Lil Rams, AKA Rams,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-71372

Agency No. A043-439-804

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 9, 2022
Pasadena, California

Before:  WATFORD and FRIEDLAND, Circuit Judges, and ROBRENO,** District
Judge.

Ramon Gonzalez Dominguez, a native and citizen of Mexico who came to

the United States as a lawful permanent resident ("LPR"), petitions for review of a

decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of a

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Eduardo C. Robreno, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

decision by the immigration judge ordering him removed to Mexico. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

**1.** The immigration court did not lack jurisdiction over Dominguez's removal proceedings. The Notice to Appear ("NTA") charged Dominguez with removability based on a California conviction for "Assault with a Deadly Weapon, in violation of Section 245(a)(2) of the California Penal Code." Dominguez was indeed convicted of § 245(a)(2), which criminalizes assault with a firearm. That subsection falls under a broader provision that generally encompasses assault with a deadly weapon or force likely to produce great bodily injury. Cal. Penal Code § 245. A neighboring subsection punishes assault "with a deadly weapon or instrument other than a firearm." § 245(a)(1). Dominguez contends that the NTA failed to identify the charges against him because it conflated two provisions of the penal code—assault with a deadly weapon, § 245(a)(1), and assault with a firearm, § 245(a)(2). We disagree. The NTA identified the correct statutory subsection, § 245(a)(2), and the words "Assault with a Deadly Weapon" were merely a more generic description of the offense. *See, e.g.*, Cal. Penal Code § 186.22 (referring to "Assault with a deadly weapon or by means of force likely to produce great bodily injury, as defined in Section 245"). The NTA therefore accurately identified the "charges against [Dominguez] and the statutory provisions alleged to have been

violated." 8 U.S.C. § 1229(a)(1)(D).[1]

**2.** Dominguez argues that he is not removable because his prior conviction is not categorically a "crime of violence" under 18 U.S.C. § 16(a). But we have previously held that "assault with a firearm under California Penal Code section 245(a)(2) is categorically a 'crime of violence' and an 'aggravated felony' for immigration purposes." *United States v. Heron-Salinas*, 566 F.3d 898, 899 (9th Cir. 2009). We have since reaffirmed and extended that holding to assault with a deadly weapon other than a firearm under § 245(a)(1). *United States v. Vasquez-Gonzalez*, 901 F.3d 1060 (9th Cir. 2018); *United States v. Grajeda*, 581 F.3d 1186 (9th Cir. 2009). Dominguez argues that the Supreme Court's decisions in *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 579 U.S. 500 (2016), have undermined the reasoning of our prior decisions, but *Descamps* and *Mathis* did not change the categorical approach in any way relevant to the inquiry here. Because those cases are not "clearly irreconcilable" with our prior decisions, *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), we are bound by our prior holding that § 245(a)(2) is categorically a crime of violence.

---

[1] Because we hold that there was no defect in the NTA, we need not address whether an error in an NTA could deprive an immigration court of jurisdiction. Similarly, we need not reach Dominguez's arguments in the alternative that the putative error violated due process or a mandatory claim-processing rule. We accordingly need not address the Government's contention that Dominguez failed to exhaust his jurisdictional and due process arguments.

**3.** The BIA did not err in holding that Dominguez was ineligible for adjustment of status. The BIA appropriately concluded that § 245(a)(2) is a crime involving moral turpitude. In so concluding, the BIA cited its precedential decision in *Matter of Wu*, 27 I. & N. Dec. 8 (BIA 2017), which held that assault with a deadly weapon other than a firearm under § 245(a)(1) is a crime involving moral turpitude. We have already approved of *Matter of Wu* in *Safaryan v. Barr*, 975 F.3d 976, 988 (9th Cir. 2020), and the logic of both cases extends readily to assault with a firearm under § 245(a)(2). The BIA therefore appropriately concluded that Dominguez was ineligible for adjustment of status absent a waiver of inadmissibility.

Because Dominguez was admitted as an LPR and later convicted of an aggravated felony, he is statutorily ineligible for a § 212(h) waiver of inadmissibility. 8 U.S.C. § 1182(h). Dominguez contends that it is unconstitutional to distinguish for such eligibility between LPRs who were admitted as LPRs and LPRs who adjusted to LPR status after admission. But "a statute that limits the relief available to a certain class of [noncitizens] will be 'valid unless wholly irrational.'" *Taniguchi v. Schultz*, 303 F.3d 950, 957 (9th Cir. 2002) (quoting *Perez-Oropeza v. INS*, 56 F.3d 43, 45 (9th Cir. 1995)). Because rational basis review permits Congress to take reforms "one step at a time, addressing itself to the phase of the problem which seems most acute to the

4

legislative mind," *Williamson v. Lee Optical of Okla., Inc.*, 348 U.S. 483, 489 (1955), we conclude that the distinction Dominguez challenges is not wholly irrational. Dominguez's equal protection challenge therefore fails, leaving him ineligible for a waiver of inadmissibility.

**PETITION DENIED.**