# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARIANO GRANADOS-OSEGUERA,
                        *Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,
                        *Respondent.*

No. 03-73030

Agency No.
A91-692-353

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
February 17, 2006—Pasadena, California

Filed September 25, 2006

Before: Betty B. Fletcher, A. Wallace Tashima, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge B. Fletcher;
Dissent by Judge Callahan

**COUNSEL**

Mary Beth Canty, Laura Boyle, Josh Chetwynd, Law Students, Tucson, Arizona, argued the case for the petitioner;

Willie M. Jordan-Curtis, Ph.D., J.D., Esq, Assistant Dean for Student Affairs and Associate Clinical Professor of Law, The University of Arizona, Rogers College of Law, Pro Bono Appellate Project, Tucson, Arizona, was on the briefs for the petitioner.

Arthur L. Rabin, Department of Justice, Washington, D.C., argued the case for the respondent; Peter D. Keisler, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Linda S. Wendtland, Assistant Director, and Cindy S. Ferrier, Senior Litigation Counsel, Washington, D.C., were on the briefs for the respondent.

---

## OPINION

B. FLETCHER, Circuit Judge:

### I.

Mariano Granados-Oseguera petitions for review of the Board of Immigration Appeals' (BIA's) affirmance of an Immigration Judge's (IJ's) denial of cancellation of removal as well as the BIA's denial of his motion to reopen proceedings to allow him to apply for adjustment of status.

We deny Granados-Oseguera's petition as to his equal protection claim based on a claim of disparate treatment of different classes of aliens; it does not violate Petitioner's equal protection rights to treat aliens permitted voluntarily to depart differently from aliens not eligible for voluntary departure with respect to the amount of time in which they may file a motion to reopen proceedings.[1] *De Martinez v. Ashcroft*, 374

---

[1]Granados-Oseguera also challenges the BIA's affirmance of the IJ's decision without opinion and the IJ's hardship determination. We are without jurisdiction to consider either of these issues as Petitioner did not

F.3d 759, 764 (9th Cir. 2004). We grant Granados-Oseguera's petition as to the BIA's denial of his motion to reopen proceedings and as to his ineffective assistance of counsel (IAC) claim — the two are related. In the limited situation where an alien is represented by the same allegedly incompetent counsel throughout agency proceedings including through the filing of his motion to reopen proceedings before the BIA and therefore cannot administratively exhaust[2] a claim for ineffective assistance of counsel, we have jurisdiction to review the denial of the motion to reopen. We will review to determine whether the denial of effective counsel rises to the level of a due process violation and was prejudicial. Here, Petitioner's counsel failed to file a petition for review or a motion to reopen proceedings within the 30-day voluntary departure period; counsel knew or should have known that Petitioner would be barred from relief if he failed timely to file the petition or motion; these failings occurred despite the fact that counsel received several warnings and notices from the IJ as to the consequences of Petitioner failing to depart within that 30-day period; further, these failures occurred despite clear case law holding that motions to reopen filed after the voluntary departure period had expired would be denied as untimely and tardy petitions for review would be dismissed by this court. *Ray v. Gonzales*, 439 F.3d 582, 586-89 (9th Cir. 2006); *Shaar v. INS*, 141 F.3d 953, 956 (9th Cir. 1998).

---

petition for review within 30 days of the BIA's affirmance. 8 U.S.C. § 1252(b)(1); *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996) (holding that we do not have jurisdiction to consider the underlying final order upon petition for review of a motion to reopen where the petitioner did not earlier seek review of that underlying final order). Furthermore, we have upheld the BIA's authority to affirm without opinion. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir. 2003). We are also without jurisdiction to review the IJ's determination that Petitioner's daughter would not suffer exceptional and extremely unusual hardship upon his removal. *Romero-Torres v. Ashcroft*, 327 F.3d 887, 891 (9th Cir. 2003). We therefore dismiss these portions of the petition for review.

[2]The INA permits the filing of only one motion to reopen.

Accordingly, we remand for the BIA to reconsider the motion to reopen in light of Petitioner's ineffective assistance of counsel allegations, which it has not yet had an opportunity to consider.

## II.

Mariano Granados-Oseguera is a citizen of Mexico. He entered the United States without inspection as a sixteen-year old around June 6, 1984. He is married and has two United States citizen children, ages seventeen and six. On August 16, 1993, Granados-Oseguera filed an application for asylum. That application was referred to the Immigration Court on September 24, 1997, following an interview with an INS officer. The INS issued a notice to appear the following day, charging that Granados-Oseguera was subject to removal under section 212(a)(6)(A)(i) of the Immigration and Naturalization Act (INA), 8 U.S.C. § 1182(a)(6)(A)(i), for having entered the United States without having been admitted or paroled. Petitioner appeared with counsel before an Immigration Judge on April 29, 1998, conceded removability, and applied for cancellation of removal. He appeared again before the IJ on August 10, 1999. At this hearing, his counsel sought an extension because she had lost Petitioner's case file; apparently, counsel's secretary had left, taking three case files with her. The IJ questioned Granados-Oseguera about his interactions with his counsel leading up to his hearing, and it became clear that Granados-Oseguera had spoken only with his counsel's secretary, never with counsel. The IJ continued Granados-Oseguera's hearing until January 23, 2001, permitting counsel to file an application for cancellation of removal.

Following the January 23, 2001 hearing, the IJ found that Granados-Oseguera satisfied two of the requirements for cancellation of removal: 10-years continuous physical presence in the United States and good moral character. However, the IJ found that Granados-Oseguera had not shown that his qualifying relative, his U.S. citizen daughter, would face excep-

tional and extremely unusual hardship if he were removed from the United States. On that basis, the IJ denied Granados-Oseguera's application for cancellation of removal, granting him thirty days in which voluntarily to depart. The IJ notified Petitioner's counsel that if Petitioner failed to depart during his voluntary departure period, he would forfeit any opportunity to return to the United States for ten years.

On February 22, 2001, Granados-Oseguera filed a timely notice of appeal of the IJ's decision to the BIA. A few months later, on April 27, 2001, Granados-Oseguera applied for a labor certification from the Department of Labor. The BIA summarily affirmed the IJ's decision on September 6, 2002 and permitted Granados-Oseguera voluntary departure, setting his departure date for October 6, 2002. The BIA noted in its order that failure to depart during the 30-day period would undermine any chance for re-entry for ten years.

Granados-Oseguera's counsel failed to petition this court for review of the BIA's summary affirmance, making the IJ's decision a final order of removal and finalizing Petitioner's departure date for October 6, 2002. Caring for his sick daughter and father, Granados-Oseguera did not depart within his voluntary departure period. His counsel never sought an extension on his behalf to argue exceptional circumstances. Instead, Granados-Oseguera's counsel filed a motion to reopen his removal proceedings a couple of months later, on December 6, 2002[3] so that Granados-Oseguera could seek adjustment of status under 8 U.S.C. § 1255(i) based on his application for labor certification. Granados-Oseguera's counsel supplemented the December 6, 2002 motion with proof that the Department of Labor had approved Petitioner's application for labor certification on December 12, 2002 and that

---

[3]Although December 6, 2002 is 91 days after September 6, 2002 when the BIA denied Petitioners's appeal, the BIA accepted the motion as timely because the one-day delay in filing was the result of inclement weather.

Petitioner had filed a Form I-140, Petition for Alien Worker, with the Immigration and Naturalization Service (INS). In response to the government's argument that Granados-Oseguera was barred from filing a motion to reopen by his failure to depart voluntarily within his prescribed period, Granados-Oseguera's counsel filed a reply brief explaining his failure to depart based on his father's and daughter's illnesses, claiming exceptional circumstances. However, counsel had failed to seek an extension of the voluntary departure period on this basis.

The BIA denied Petitioner's motion to reopen proceedings on July 23, 2003, in part because the IJ and BIA had given Granados-Oseguera through his counsel "notice of the consequences of failure to depart." Denial of Motion to Reopen (July 23, 2003).

On August 22, 2003, Granados-Oseguera filed a *pro se*, timely petition for review from the BIA's denial of his motion to reopen. Through this court's Pro Bono Representation Project, Granados-Oseguera was appointed counsel. We review the BIA's decision for an abuse of discretion. *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir. 2004).

### III.

#### A.   Petitioner's Equal Protection Claim

Granados-Oseguera argues that his equal protection rights have been violated because aliens who are not granted voluntary departure may employ the full 90-day period to file a motion to reopen, while aliens granted voluntary departure have only 30 to 60 days to file their motions to reopen.[4] He

---

[4]The relevant statutory provisions provide that a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal," 8 U.S.C. § 1229a(7)(C)(i), and that the maximum voluntary departure period is 60 days, 8 U.S.C. § 1229c(b)(2).

contends that this disparate treatment constitutes an equal protection violation. We disagree.

Although aliens are entitled to the benefits of the Equal Protection Clause, *Perez-Oropeza v. INS*, 56 F.3d 43, 44 (9th Cir. 1995), Congress has broad authority over the "admission and expulsion of aliens." *Shaar v. INS*, 141 F.3d 953, 958 (9th Cir. 1998) (citing *Fiallo v. Bell*, 430 U.S. 787, 792 (1977)). Interpreting this broad authority, we have held that a statute limiting relief available to certain classes of aliens must be "wholly irrational" to violate equal protection standards. *De Martinez v. Ashcroft*, 374 F.3d 759, 764 (9th Cir. 2004) (quoting *Hernandez-Mezquita v. Ashcroft*, 293 F.3d 1161, 1163-64 (9th Cir. 2002)); *Perez-Oropeza*, 56 F.3d at 45. Petitioner bears the "burden to negate 'every conceivable basis which might support [a legislative classification] . . . whether or not the basis has a foundation in the record.' " *Id.* (quoting *Heller v. Doe*, 509 U.S. 312, 320-21 (1993)) (alteration in original).

**[1]** Granados-Oseguera cannot meet this burden since we have upheld the very distinction he challenges here. In *De Martinez*, we held that treating those aliens permitted voluntary departure differently, with respect to the window for filing a motion to reopen, from those not granted voluntary departure is not irrational. We noted a potential legitimate purpose for these different deadlines: "it is less costly and more humane to allow responsible aliens to depart voluntarily without the stigma of being forcibly removed from the United States." 374 F.3d at 764. In denying this claim, we simply apply binding circuit precedent.

B.  Petitioner's Motion to Reopen Proceedings and Ineffective Assistance of Counsel Claim

Petitioner raises his claim of ineffective assistance of counsel for the first time in his petition for review to this court. Nonetheless, we conclude we may review it since it is his first opportunity to raise it, and the claim asserts a due process vio-

lation. Accordingly, we remand to the BIA to reconsider the motion to reopen in light of Granados-Oseguera's IAC claim.

**[2]** The general rule that "administrative remedies be exhausted does not preclude" petitioners from raising due process claims where those claims are not based on procedural errors that the BIA could have corrected.[5] *Bagues-Valles v. INS*, 779 F.2d 483, 484 (9th Cir. 1985). Ineffective assistance of counsel in a deportation proceeding rises to the level of a due process violation where the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Castillo-Perez v. INS*, 212 F.3d 518, 526-27 (9th Cir. 2000) (quoting *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985)). Thus, we have jurisdiction over a class of IAC claims asserted for the first time in a petition for review, even if they have not been exhausted.

**[3]** Granados-Oseguera's IAC claim falls into this class — he asserts an IAC claim that rises to the level of a due process violation. To establish a valid due-process IAC claim,

> [A]n alien must . . . clear several hurdles, both substantive and procedural. First, the alien must demonstrate that the attorney's deficient performance was prejudicial. "Where an alien is prevented from filing an appeal in an immigration proceeding due to counsel's error, the error deprives the alien of the appellate proceeding entirely." In cases involving such error, the proceedings are subject to a "presumption

---

[5]We distinguish two types of cases from this case: those where, without excuse, no motion to reopen was ever filed, *e.g.*, *Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 1995); *Arreaza-Cruz v. INS*, 39 F.3d 909, 912 (9th Cir. 1994), and those where a motion to reopen was filed by new counsel. *E.g., Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1122 (9th Cir. 2000). Here, Granados-Oseguera was represented by the same counsel throughout his proceedings before the agency, foreclosing all opportunity to argue to the BIA the defalcations of his counsel. The dissent fails to recognize this distinction.

of prejudice," and we will find that a petitioner has been denied due process if he can demonstrate "plausible grounds for relief" on his underlying claim.

*Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir. 2006) (internal citations omitted).[6]

   **[4]** *Ray* also clearly explains the procedural hurdles.

In *Matter of Lozada*, 9 I. & N. Dec. 637 (BIA 1988), the BIA held that an alien alleging ineffective assistance of counsel must: (1) submit an affidavit demonstrating and explaining his agreement with prior counsel regarding legal representation, (2) submit evidence that he has informed prior counsel of the allegations of ineffective assistance and provided the attorney with an opportunity to respond, and (3) file a complaint against the attorney with proper disciplinary authorities or explain why such a complaint has not been filed.

*Ray*, 439 F.3d at 587-88.

   **[5]** While these so-called *Lozada* requirements help to provide notice and "ensur[e] that a legitimate claim actually exists," *id.* at 588, they "are not sacrosanct." *Id.* (quoting *Castillo-Perez*, 212 F.3d at 525). In fact, "we have not hesitated to address ineffective assistance of counsel claims even when an alien fails to comply strictly with *Lozada*" where the record shows a "clear and obvious case of ineffective assistance." *Id.*; *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1227 (9th

---

[6]The dissent relies on *Ray* as requiring Granados-Oseguera, through new counsel, to seek reopening before the Board. However, new counsel, recognizing the numerical bar imposed by the BIA, instead sought relief in our court. We note also that this case was pre-*Ray*. We decline to require counsel to violate the numerical rule and to anticipate that a narrow exception to the rule might be recognized. We conclude that exhaustion before the agency in this case is not required.

Cir. 2002); *Castillo-Perez*, 212 F.3d at 525 n.11; *Escobar-Grijalva v. INS*, 206 F.3d 1331, 1335 (9th Cir. 2000). This is such a case.

The substantive hurdle is surmounted in this case, and prejudice is clear. Also clear is the record of ineffective assistance by counsel, so that, despite the fact that the *Lozada* requirements have not yet been satisfied,[7] we may find that Granados-Oseguera has established a due process IAC claim.

**[6]** Granados-Oseguera received such poor counsel that he was "prevented from reasonably presenting his case," thereby denying him due process. *Lopez,* 775 F.2d at 1017. Counsel failed to petition for review of the BIA's summary affirmance, forfeiting permanently his client's opportunity to challenge the underlying order of removal. Then, counsel failed to seek an extension of his client's voluntary departure period when his client's daughter and father fell ill and required his care. After failing to seek an extension, counsel then failed to file a motion to reopen within Petitioner's 30-day voluntary departure period where counsel knew or should have known that Petitioner would be barred from relief if he failed to file within the 30-day departure period. The record is also absolutely clear that counsel received notice several times, from the IJ directly in court followed by written notice after the IJ's decision; written notice also followed the BIA's affirmance of the IJ, warning of the consequences if Petitioner failed to depart within his 30-day window. In addition, case law at the time was clear that motions to reopen filed after the voluntary departure period had expired would be denied as untimely. *Shaar*, 141 F.3d at 956.

**[7]** There is also no doubt that these failures by his counsel were prejudicial to Granados-Oseguera's claim. The BIA denied his motion to reopen for procedural reasons — it was

---

[7]However, as a condition of reconsideration, the BIA may require compliance with *Lozada*.

filed well outside of his 30-day voluntary departure period. This untimeliness was the direct result of the inadequacy of Petitioner's counsel. The government has not rebutted this. In a similar case, we held that the petitioner's efforts to seek adjustment of status, particularly in the wake of the Department of Labor's approval of his labor certification provide "plausible ground for relief." *Ray*, 439 F.3d at 588 (quoting *United States v. Jimenez-Marmolejo,* 104 F.3d 1083, 1086 (9th Cir. 1996)). The BIA could "plausibly" have found that Granados-Oseguera was eligible for the relief sought — an opportunity to seek adjustment of status in light of his pending labor certification, particularly following the Department of Labor's approval of his application in December, 2002. We thus find that his counsel's inadequate performance was prejudicial.

**[8]** Because the BIA has not yet had the opportunity to consider Granados-Oseguera's claim of ineffective assistance of counsel and his request for adjustment of status, we are reluctant to "rule on the merits of an issue that the BIA has not itself addressed." *Ray,* 439 F.3d at 591. To remedy an otherwise intractable injustice, we grant Granados-Oseguera's petition for review, and remand this case to the BIA to reconsider Granados-Oseguera's motion to reopen in light of his IAC claim.

PETITION GRANTED, in part; DISMISSED, in part; DENIED, in part.

---

CALLAHAN, Circuit Judge, dissenting:

I concur with my colleagues' rejection of Granados-Oseguera's equal protection claim. I must dissent, however, from their expansion of our jurisdiction — in contravention of our precedents — to reach an ineffective assistance of counsel claim that has never been raised before the Board of Immigra-

tion Appeals (BIA) and is not supported by substantial evidence.

On September 6, 2002, the BIA summarily affirmed the IJ's decision denying Granados-Oseguera's application for cancellation of removal. The IJ allowed him 30 days in which to voluntarily depart the country, and warned that his failure to depart would undermine any chance he might have of re-entry for ten years. The petitioner did not depart the country within the allotted time. He did not file anything with the BIA, or any court until December 6, 2002, when he filed a motion to reopen with the BIA "so that he could continue to apply for labor certification in the United States." His supplement to the motion to reopen requested that his failure to leave the country be excused because his father and daughter became ill during the period for voluntary departure. On July 23, 2003, the BIA denied the motion to reopen holding that the petitioner's failure to voluntarily depart barred him from the requested relief. The petitioner did not assert ineffective assistance of counsel before the BIA and no such contention is mentioned in the BIA's order.

We have explicitly held that an ineffective assistance of counsel claim in an immigration case must first be raised in the form of a motion to reopen before the BIA:

> We generally will not consider a claim of error that the BIA has not first been given the opportunity to correct because to do so deprives us of the benefit of the agency's expertise and a fully developed record. *See Roque-Carranza v. INS,* 778 F.2d 1373, 1374 (9th Cir. 1985). We therefore require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA. *See id.; see also Liu v. Waters,* 55 F.3d 421, 426 (9th Cir. 1995).

> Ontiveros-Lopez filed his first petition before he properly exhausted his ineffective assistance of

> counsel claim before the BIA. The first petition appeals the BIA's affirmance of the deportation order based on his prior counsel's concession of Ontiveros-Lopez's deportability and his statutory ineligibility for relief. While we could review that ruling for its soundness, Ontiveros-Lopez instead urges us to grant relief on the basis of ineffective assistance of counsel. This we cannot do. Ontiveros-Lopez's direct appeal of the IJ's deportation order to the BIA did not present ineffective assistance of counsel as a ground for relief, and the BIA did not have the opportunity to develop a record and pass on the issue. We therefore deny the first petition for its failure to satisfy the administrative exhaustion requirement.

*Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000). Thus, as Granados-Oseguera filed his petition for review "before he properly exhausted his ineffective assistance of counsel claim before the BIA," we should deny the petition "for its failure to satisfy the administrative exhaustion requirement." *Id.*

The majority seeks to avoid this conclusion by contending that the petition for review is Granados-Oseguera's first opportunity to raise his ineffective assistance of counsel claim and that the claim asserts a due process violation. Neither reason justifies the majority's expansion of our jurisdiction. It makes little sense to suggest that the exhaustion of administrative remedies requirement does not apply whenever a petitioner alleges that he could not have raised it before the agency. This is particularly true where, as here, the alleged inability was not the result of any agency action or rule, but because petitioner continued to be represented by the same attorney.

The majority's perspective is inconsistent with our opinion in *Ray v. Gonzales*, 439 F.3d 582 (9th Cir. 2006). In that case,

Ray filed a first and then a second motion to reopen with the BIA alleging that he was the victim of ineffective assistance of counsel. *Id.* at 584-85. The BIA denied Ray's second motion as untimely and numerically barred. *Id.* at 586. On the petition for review from the denial of his second motion, we held that because "Ray was denied due process as a result of his attorney's deficient and detrimental performance, . . . the BIA abused its discretion by refusing to toll the numerical and procedural bars to his second motion," *Id.* at 590.[1] If a petitioner may file another motion to reopen before the BIA, we need not be concerned with his alleged inability to raise the issue before the BIA in a prior proceeding.[2]

Our opinion in *Ray* also reveals the majority's assertion — that we have jurisdiction because the petitioner alleges a violation of due process — would eviscerate our requirement that an ineffective assistance of counsel claim must be first asserted before the BIA. In *Ray*, we wrote:

> Federal law guarantees an alien the right to obtain counsel of his own choice in "any removal proceedings before an immigration judge," 8 U.S.C. §1362,

---

[1] Moreover, *Dearinger v. Volkova*, 232 F.3d 1042, (9th Cir. 2000), which was cited in *Ray*, suggests that despite the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, an alien may file a habeas petition alleging ineffective assistance of counsel in his or her immigration proceedings. *Id.* at 1044; *see also Hernandez v. Reno*, 238 F.3d 50, 55 (1st Cir. 2000) (holding that a district court had jurisdiction to consider a habeas petition alleging ineffective assistance of counsel in an immigration proceeding when the petitioner is threatened with immediate deportation). *But see Goonsuwan v. Ashcroft*, 252 F.3d 383, 388 (5th Cir. 2001) (holding that the petitioner's "failure to raise his ineffective assistance of counsel claim before the BIA deprived the district court of jurisdiction to hear the issue").

[2] Although I do not agree with the majority's reasoning in footnote 6 that because "this case was pre-*Ray*" petitioner may allege ineffective assistance of counsel for the first time in his petition before this court, I read the distinction as questioning the application of the majority's assertion of jurisdiction in this case to any post-*Ray* case.

and we have explained that this statutory provision stems from a constitutional guarantee of due process, *see Rios-Berrios v. INS,* 776 F.2d 859, 862 (1985). *See also Iturribarria v. INS,* 321 F.3d 889, 899 (9th Cir. 2003) ("In deportation proceedings, an alien's right to be represented by counsel is based on the due process guarantees of the Fifth Amendment."). Further, this Circuit has long recognized that an alien's due process right to obtain counsel in immigration matters also includes a right to *competent representation* from a retained attorney. Because due process requires more than the formal *availability* of counsel, we have held that an alien is denied due process when his attorney provides ineffective assistance. *See, e.g., Rodriguez-Lariz v. INS,* 282 F.3d 1218, 1226-27 (9th Cir. 2002); *Castillo-Perez v. INS,* 212 F.3d 518, 525-26 (9th Cir. 2000); *see also Lopez v. INS,* 775 F.2d 1015, 1017 (9th Cir. 1985). "Ineffective assistance of counsel in a deportation proceeding is a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Lopez,* 775 F.2d at 1017.

439 F.3d at 587 (emphasis in original). It follows that creating an exception for a due process claim would obliterate the rule that an ineffective assistance of counsel claim must first be raised before the BIA.[3]

___

[3]The majority's citation of *Bagues-Valles v. INS*, 779 F.2d 483, 484 (9th Cir. 1985), cannot vitalize its argument on jurisdiction. In that case, petitioners did not advance an ineffective assistance of counsel claim. Instead the petition for review advanced due process and retroactivity issues that had not been raised in the administrative proceedings. *Id.* at 484. Nonetheless, we addressed the arguments, and rejected them on the merits, noting that the BIA had no jurisdiction to adjudicate petitioners' constitutional issues, and the due process claims did not concern procedural errors correctable by the BIA. *Id.* Furthermore, the scope of the ambiguous statement concerning jurisdiction in *Bagues-Valles* is limited by our clear statement in *Ontiveros-Lopez* concerning our jurisdiction to review ineffective assistance of counsel claims. 213 F.3d at 1124.

Moreover, the majority's approach to Granados-Oseguera's claim places the proverbial cart before the horse by concluding that we have jurisdiction before examining the factual basis for the claim. In *Ray*, we recognized that a claim of ineffective assistance of counsel could be a valid basis for a motion to reopen. *Id.* at 585. However, Ray had raised his claim before the BIA. Furthermore, we determined that Ray had made a persuasive and factually supported claim of ineffective assistance before remanding to the BIA.[4] The majority here, however, fails to hold petitioner to the evidentiary standard that underlies our decision in *Ray*, a standard designed to guard against petitioners making unsupported claims of ineffective assistance of counsel.

We have reiterated that in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), the BIA held:

> [A]n alien alleging ineffective assistance of counsel must: (1) submit an affidavit demonstrating and explaining his agreement with prior counsel regarding legal representation, (2) submit evidence that he has informed prior counsel of the allegations of ineffective assistance and provided the attorney with an opportunity to respond, and (3) file a complaint against the attorney with proper disciplinary authorities or explain why such a complaint has not been filed.

*Ray*, 439 F.3d at 588-89. We have consistently endorsed the *Lozada* requirements, while recognizing that they are not sacrosanct. In *Castillo-Perez*, we noted first "that the *Lozada* requirements are generally reasonable, and under ordinary circumstances the BIA does not abuse its discretion when it

---

[4]We noted that Ray's attorneys "prevented Ray not only from 'reasonably presenting his case,' but from presenting his case *at all*," and that Ray had "also fully satisfied the *Lozada* requirements." 439 F.3d at 588-89 (emphasis in original).

denies a motion to remand or reopen based on alleged ineffective assistance of counsel where the petitioner fails to meet the requirements of *Lozada*." 212 F.3d at 525. We then stated that a failure to comply with the *Lozada* requirements is not necessarily fatal where the facts showing ineffective assistance of counsel are "plain on the face of the administrative record." *Id.* (citing *Escobar-Grijalva v. INS*, 206 F.3d 1331, 1335 (9th Cir. 2000)). Also, in *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1226-27 (9th Cir. 2002), we reiterated our statement in *Castillo-Perez* that the *Lozada* requirements are "intended to ensure both that an adequate factual basis exists in the record for an ineffectiveness complaint and that the complaint is a legitimate and substantial one." 212 F.3d at 526.

The majority, however, attempts to brush aside the *Lozada* requirements by stating that we have not insisted on strict compliance with these requirements where the record shows a "clear and obvious case of ineffective assistance of counsel." This overstatement of our precedent fails to appreciate the difference between strict compliance with *Lozada* and making no attempt to procure the information provided by the *Lozada* requirements.[5] In our case, the claim of ineffective assistance of counsel is not clear on the face of the administrative record. Instead, this case illustrates that without evidence of a petitioner's actual relationship with his attorney

---

[5]The three cases cited by the majority either do not support dispensing with the *Lozada* requirements, or turn on the existence of information — that would otherwise be furnished by complying with *Lozada* — in the administrative records. In *Rodriguez-Lariz,* we noted that petitioner had "substantially complied with the *Lozada* factors." 282 F.3d at 1227. In *Castillo-Perez*, we excused formal compliance with the *Lozada* requirements, noting that "the record of the proceedings themselves is more than adequate to serve those functions" and "there has been substantial compliance with the rule." 212 F.3d at 526. The third case, *Escobar-Grijalva*, is inapposite as it concerned an IJ forcing a petitioner to be represented by an attorney she had never met. We held that the BIA's "reasonable rules for the normal ineffective assistance claim" were not dispositive because the "facts are plain on the face of the administrative record" and there was no need of an affidavit to establish them. 206 F.3d at 1335.

(the type of information provided by the *Lozada* requirements) there is no factual basis for the claim of ineffective assistance of counsel.

The pro se petition before us seeks review of the BIA's denial of the petitioner's motion to reopen, which was based on his application for a labor certificate. It was only when new counsel was appointed to represent the petitioner that an allegation of ineffective assistance of counsel was put forward. Although the record contains no evidence concerning Granados-Oseguera's actual relationship and communications with his attorney in September 2002, the majority perceives a clear case of ineffective assistance of counsel from the following cold facts: (1) on September 6, 2002, the BIA summarily affirmed the IJ's decision, allowed the petitioner 30 days in which to voluntarily depart the country, and warned him that his failure to depart would undermine any chance of re-entry for ten years, and (2) the petitioner did not, within those 30 days, depart the country or seek relief from either the BIA or a court. The majority concludes that the consequences of Granados-Oseguera's failure to depart and failure to file a petition or motion are so draconian that the only possible explanation must be ineffective assistance by the attorney.

Although such speculation may explain Granados-Oseguera's inaction, there are many other possible explanations.[6] What is missing is any evidence addressing at least the first two *Lozada* requirements. What agreement (if any) did Granados-Oseguera have with his attorney during the critical 30-day period for departure? Has the petitioner's former attorney been informed of the allegation and what explanation, if

---

[6]Although it is no less speculative than the majority's conclusion, another explanation — which is consistent with the filings in this case — is that Granados-Oseguera intended to depart within the 30 days, but did not do so because of his father's and daughter's illnesses (this is what he claimed in his motion to reopen filed with the BIA), and did not contact his attorney.

any, does he have for his alleged inaction? As there is no evidence before us concerning the actual relationship (or lack thereof), there is no factual basis for Granados-Oseguera's claim of ineffective assistance of counsel.

I recognize that despite its conviction as to Granados-Oseguera's claim, the majority refrains from ruling on the claim, and remands the matter to the BIA for a ruling on its merits. I also note that the majority concedes that the BIA may require that the petitioner's claim of ineffective assistance of counsel address the *Lozada* factors. Nonetheless, as the majority contravenes controlling precedent by expanding our jurisdiction to cover an issue not raised before the BIA and not factually supported, I respectfully dissent.