**Harjinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 04–71948, 05–74944.**

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 5, 2007.*

Filed June 7, 2007.

Martin Resendez Guajardo, Esq., Martin Avila Robles, Esq., Law Office of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marshall Tamor Golding, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions, Harjinder Singh, a native and citizen of India, seeks review of the Board of Immigration Appeals' ("BIA") order summarily affirming the decision of an immigration judge

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("IJ") denying his 2002 motion to reopen deportation proceedings, and the BIA's order denying his 2005 motion to reopen deportation proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review de novo the determination of purely legal questions, and we review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny in part and dismiss in part the petition for review in No. 04–71948, and deny the petition for review in No. 05–74944.

■ The IJ acted within his discretion in denying Singh's March 2002 motion to reopen as untimely because it was filed more than six years after the final removal order, *see* 8 C.F.R. § 1003.23(b)(1) (formerly 8 C.F.R. § 3.23(b)(1)), and Singh failed to present new evidence establishing changed circumstances in India, *see id.* at (c)(7)(C)(ii) (no time limit on the filing of motion to reopen to apply for asylum relief based on previously unavailable evidence of changed country conditions). We lack jurisdiction to review Singh's contention that the IJ failed to adequately address the motion to reopen he submitted in July 2002 because he failed to raise that issue to the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency). We lack jurisdiction to consider Singh's ineffective assistance of counsel claim regarding his first attorney's performance with respect to his 2002 motions because Singh failed to raise that issue before the BIA and thereby failed to exhaust his administrative remedies. *See Granados–Oseguera v. Gonzales,* 464 F.3d 993, 994 (9th Cir.2006).

■ The BIA did not abuse its discretion by denying Singh's 2005 motion to reopen because it exceeded the numerical limitations, *see* 8 C.F.R. § 1003.2(c)(3), and Singh failed to show that his motion was excepted from the numerical limitations, *see* 8 C.F.R. § 1003.2(c)(3)(i), because the record reflects that notice of the March 24, 1995 hearing was sent through certified mail to Singh's last known address, and Singh did not contend otherwise, *see Arrieta v. INS,* 117 F.3d 429, 431 (9th Cir. 1997) (per curiam) ("[N]otice by certified mail sent to an alien's last known address can be sufficient under the Act, even if no one signed for it.").

**PETITION FOR REVIEW IN 04–71948 DENIED in part; DISMISSED in part.**

**PETITION FOR REVIEW IN 0–74944 DENIED.**