**Saul Aguilera GRANADOS, Petitioner,**

**v.**

* This disposition is not appropriate for publica-

tion and is not precedent except as provided

Peter D. KEISLER *, Attorney General, Respondent.

No. 04–76322.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2007.

Filed Oct. 31, 2007.

Ryan M. Christian, Esq., James Shannon, Esq., Kirkland & Ellis, San Francisco, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Blair T. O'Connor, Esq., San Francisco, CA, Aviva L. Poczter, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMPSON, RYMER, and FISHER, Circuit Judges.

MEMORANDUM **

Saul Aguilera Granados, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), which affirmed the denial of his motion to reopen to rescind the Immigration Judge's ("IJ") *in absentia* removal order. Granados argued in his motion to reopen that the ineffective assistance of a notario he had hired constituted an "exceptional circumstance" under 8 U.S.C. § 1229a(b)(5)(C)(i) warranting rescission of his *in absentia* order of removal, because the notario advised Granados that he would attend the master calendar hearing

by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and Granados did not have to attend. The notario, however, failed to show up at the hearing or render any assistance.

The IJ denied Granados's motion to reopen on the ground that it failed to comply with *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). The BIA affirmed the denial of Granados's motion to reopen because Granados (1) failed to set forth a claim of ineffective assistance of a non-attorney; (2) failed to establish exceptional circumstances justifying rescission of the *in absentia* order of removal; and (3) failed to demonstrate prima facie eligibility for relief from removal.

In his petition for review to this court, Granados raises for the first time an ineffective assistance of counsel ("IAC") claim based upon the deficient performance of the attorney, Frank Sprouls, who represented him in filing the motion to reopen with the IJ, the appeal to the BIA, and the petition for review with our court. After Sprouls filed the petition for review, we appointed Granados pro bono counsel, who then filed a supplemental opening brief arguing that Sprouls's ineffective assistance violated Granados's right to due process of law because his incompetence wasted Granados's one opportunity to reopen his case.

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's ruling on a motion to reopen. *Lo v. Ashcroft,* 341 F.3d 934, 937 (9th Cir.2003). We have jurisdiction to consider Granados's newly raised claim that Sprouls's ineffective assistance deprived him of due process because a motion to reopen is not an administrative remedy available as a matter of right. *See Noriega–Lopez v. Ashcroft,* 335 F.3d 874, 880–81 (9th Cir.2003); *Castillo–Villagra v. INS,* 972 F.2d 1017, 1024 (9th Cir.1992); *see also* 8 U.S.C. § 1252(d)(1). Furthermore, although the IAC claim has not been exhausted before the BIA, we may review it

"since it is his first opportunity to raise it, and the claim asserts a due process violation." *Granados–Oseguera v. Gonzales,* 464 F.3d 993, 997 (9th Cir.2006).

Here, we need not conduct a full review of Granados's IAC claim on the merits; rather, we only analyze Granados's claim to determine whether we should remand to the BIA to consider this claim in the first instance. To merit this outcome, Granados must show both that Sprouls failed to perform with sufficient competence and that he was prejudiced by this IAC. *See Mohammed v. Gonzales,* 400 F.3d 785, 793 (9th Cir.2005). The BIA erred, however, in requiring Granados to demonstrate prima facie eligibility for relief. This is not the appropriate standard "when a motion to reopen for rescission of an *in absentia* removal order is grounded on ineffective assistance of counsel." *Lo,* 341 F.3d at 939 n. 6. Instead, we review Granados's claim to determine whether "counsel's performance was so inadequate that it may have affected the outcome of the proceedings." *Maravilla Maravilla v. Ashcroft,* 381 F.3d 855, 858 (9th Cir.2004). To succeed under this standard, Granados must only show a "plausible ground for relief," *Granados–Oseguera,* 464 F.3d at 999, which "merit[s] full consideration by the BIA." *Mohammed,* 400 F.3d at 785.

The deficient performance of Sprouls in the proceedings to reopen Granados's case before the IJ and the BIA is plain on the face of the administrative record and rises to the level of a due process violation because Granados "was prevented from reasonably presenting his case." *Lin v. Ashcroft,* 377 F.3d 1014, 1023 (9th Cir. 2004) (internal quotation marks omitted); *see also Granados–Oseguera,* 464 F.3d at 997. Sprouls presented an incomplete and grammatically flawed motion to reopen, failed to comply with any of the *Lozada* requirements for an IAC claim, failed to investigate or elicit material facts relevant

to Granados's individual case, failed to provide a translated version of the motion to reopen to Granados, and on his own initiative included false statements of fact. The deficient declaration from Granados that Sprouls filed in support of the motion was only three sentences long, did not name the notario or agency, and did not discuss the circumstances of the notario's retention, representation, or the effect of the representation. We also take judicial notice, *see Castillo–Perez v. INS,* 212 F.3d 518, 526 n. 11 (9th Cir.2000), that at the time he filed Granados's brief with our court, Sprouls was on probation for numerous ethical violations in immigration matters. *See In re Sprouls,* No. 05–80025 (9th Cir. Sept. 23, 2005).

Sprouls's ineffectiveness prejudiced Granados because Sprouls's failure to comply with any of the requirements of *Lozada* "direct[ly] result[ed]" in the denial of his motion to reopen, *Granados–Oseguera,* 464 F.3d at 999, which was Granados's only avenue of seeking relief from the *in absentia* order of removal. *See* 8 U.S.C. § 1229a(b)(5)(C); *In re Lei,* 22 I. & N. Dec. 113, 115 (BIA 1998) ("The use of the term 'only' makes [a motion to reopen] the exclusive method for rescinding an *in absentia* deportation order....""). *Cf. Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1224 (9th Cir.2002) (holding that non-attorney defrauded petitioner because he "wasted petitioners' one opportunity to reopen their case and apply for suspension of deportation by filing a worthless motion for reconsideration").

Moreover, Granados demonstrates prejudice meriting remand because he has shown *"plausible* grounds for relief," *Lin,* 377 F.3d at 1027 (emphasis in original), on his underlying motions to reopen based on ineffective assistance of counsel and to withhold removal. "The BIA has determined that ineffective assistance of counsel, if established under its rules, qualifies

as an exceptional circumstance warranting rescission of an *in absentia* order of removal pursuant to § 1229a(b)(5)(C)(i)." *Lo,* 341 F.3d at 936–37; *see also Lopez v. INS,* 184 F.3d 1097, 1100 (9th Cir.1999). Had Granados been assisted by competent counsel instead of the deficient notario, there is little doubt that he would have attended his second removal hearing and avoided the *in absentia* order. *See Baltazar–Alcazar v. INS,* 386 F.3d 940, 948 (9th Cir.2004). In addition, at the very least Granados has a valid claim that he should qualify for voluntary departure if the IJ were to reconsider the order of removal, which is a form of relief which "merit[s] full consideration by the BIA." *Mohammed,* 400 F.3d at 794.

As the BIA has not yet addressed Granados's new IAC claim, "we are reluctant to 'rule on the merits of an issue that the BIA has not itself addressed.'" *Granados–Oseguera,* 464 F.3d at 999 (quoting *Ray v. Gonzales,* 439 F.3d 582, 591 (9th Cir.2006)). Thus, as we concluded in *Granados–Oseguera,* "[t]o remedy an otherwise intractable injustice, we grant [the] petition for review, and remand this case to the BIA to reconsider [petitioner's] motion to reopen in light of his IAC claim." *Id.* On remand, "as a condition of reconsideration, the BIA may require compliance with *Lozada.*" *Id.* at 998 n. 7.

In order to afford Granados the opportunity to seek a stay of removal from the BIA pending resolution of his renewed motion to reopen, we stay our mandate for 90 days from the date of this memorandum. *See Bu Roe v. INS,* 771 F.2d 1328, 1335 (9th Cir.1985).

Petition for review **GRANTED.** Case **REMANDED** to the BIA for further proceedings.