Mahendra KUMAR; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Mahendra Kumar; et al., Petitioners,

v.

Michael B. Mukasey, Attorney General, Respondent.

Nos. 05–72084, 07–70265.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2007.*

Filed April 14, 2008.

R.App. P. 34(a)(2).

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, David B. Glazer, U.S. Dept Justice Environmental and Natural Resources Div., San Francisco, CA, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

We have before us two consolidated petitions for review. In No. 05–72084, Mahendra Kumar, a native and citizen of Fiji, petitions for review of the affirmance by

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals (BIA) of the denial by an Immigration Judge (IJ) of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), and the derivative applications of his wife and two children. In No. 07–70265, Kumar petitions for review of the BIA's denial of his motion to reopen, which included his wife and his daughter. We have jurisdiction under 8 U.S.C. § 1252, and we deny the consolidated petitions.

I. Petition No. 05–72084

To gain asylum Kumar must show he is unable or unwilling to return to Fiji because of persecution or a well-founded fear of future persecution on account of a protected ground, in this case his political opinion. *See Smolniakova v. Gonzales,* 422 F.3d 1037, 1048 (9th Cir.2005). We review the IJ's opinion because the BIA affirmed without opinion, applying a substantial evidence standard under which "credibility findings will be upheld unless the evidence *compels* a contrary result." *Don v. Gonzales,* 476 F.3d 738, 741 (9th Cir.2007) (emphasis in original).

The IJ provided specific, cogent reasons to support his conclusion that Kumar was not credible, and those reasons go to the heart of Kumar's claim. *See id.* Kumar initially mentioned only two arrests. In his 2001 asylum interview, he stated he could not remember whether he had been arrested once or twice. At the hearing in 2004, he testified for the first time that he had been arrested three times. Kumar was vague and inconsistent about this third arrest. He gave two different descriptions of his release from the first arrest. Finally, he gave inconsistent testimony about the date that he joined the

party. These inconsistencies go to the heart of Kumar's claim, and are substantial evidence supporting the adverse credibility finding. *See Kaur v. Gonzales,* 418 F.3d 1061, 1067 (9th Cir.2005).

It was not error to consider the asylum officer's report without the officer's testimony at Kumar's hearing. *See Ramos v. INS,* 246 F.3d 1264, 1266 (9th Cir.2001).

We lack jurisdiction to review the IJ's denial of Kumar's request for cancellation of removal. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005). Kumar does not challenge the denial of his requests for withholding of removal or relief under the Convention Against Torture, and so we do not address those issues. We deny the petition for review of the denial of his claim for asylum.

## II. Petition No. 07–70265

We review the denial of a motion to reopen for an abuse of discretion. *See Granados–Oseguera v. Gonzales,* 464 F.3d 993, 996 (9th Cir.2006).

The BIA denied Kumar's appeal from the IJ's denial of his asylum application on March 30, 2005. Kumar then had ninety days to file a motion to reopen with the BIA. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Kumar filed his motion to reopen on June 26, 2006, a year and three months later. The BIA denied the motion as untimely, noting that Kumar's case did not present exceptional circumstances warranting sua sponte reopening.

The regulations require that a motion to reopen be filed within ninety days. Kumar's late motion contained no discussion of its timeliness, nor any argument that

circumstances justified equitable tolling. *See Toufighi v. Mukasey,* 510 F.3d 1059, 1063 n. 7 (9th Cir.2007). To the extent that Kumar argues that the BIA should have sua sponte reopened his case, we lack jurisdiction to consider the BIA's refusal to do so. *See id.* at 1063 n. 8.

**PETITIONS FOR REVIEW DENIED.**