Pedro Enrique Alamos SOTO; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Pedro Enrique Alamos Soto;
et al., Petitioners,

v.

Michael B. Mukasey, Attorney
General, Respondent.

Nos. 06–71075, 06–75035.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 28, 2007.*

Filed May 1, 2008.

---

* The panel unanimously finds this case suitable
for decision without oral argument. See Fed.

R.App. P. 34(a)(2).

Naveed D. Shomloo, Shomloo & Shomloo, Portland, OR, for Petitioners.

David E. Dauenheimer, Richard M. Evans, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, District Counsel, Office of the Chief Counsel/Ice Department of Homeland Security, Portland, OR, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Pedro Enrique Alamos Soto, a native and citizen of Chile, petitions for review of two decisions by the Board of Immigration Appeals (BIA). In No. 06–71075, the BIA affirmed the decision of an immigration judge (IJ) denying Soto's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Soto's wife and two children filed derivative applications. In No. 06–75035, the BIA denied Soto's motion to reopen, which alleged ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252, and we deny the consolidated petition for review.

### I. Petition No. 06–71075

We review both the IJ's and the BIA's decisions, because the BIA performed its own review of the record and incorporated the IJ's decision. *See Rivera v. Mukasey,* 508 F.3d 1271, 1275 (9th Cir. 2007). We review for substantial evidence, upholding the decisions unless compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the conclusion that Soto did not demonstrate past persecution or a well-founded fear of future persecution based on a protected ground. *See Cruz–Navarro v. INS,* 232 F.3d 1024, 1028 (9th Cir.2000); 8 U.S.C. § 1101(a)(42)(A). "Persecution occurring because a person is a current member of a police force or the military ... is not *on account of* ... membership in a particular social group." *Cruz–Navarro,* 232 F.3d at 1029–30 (emphasis in original) (internal quotations omitted). Nor did Soto demonstrate that any actions against him were motivated by actual or imputed political

opinion. *See id.* at 1030. Soto presented no evidence that he held or expressed any political views, or that a political belief was imputed to him.

To prove a well-founded fear of future persecution, an applicant must show that he held a political opinion or was a member of a particular social group, that his potential persecutors knew of his opinion or membership, and that the feared persecution would be on one of those grounds. *See Canales–Vargas v. Gonzales,* 441 F.3d 739, 744 (9th Cir.2006). Because Soto did not show that he was a member of a particular social group, or that he held or was assumed to hold a political opinion, substantial evidence supports the conclusion that Soto failed to show that he had a well-founded fear of future persecution.

Because he failed to demonstrate that he was entitled to asylum, Soto necessarily failed to show that he met the more stringent standard for withholding of removal. *See id.* at 746.

■ To obtain CAT relief, Soto needed to show that it was more likely than not that he would be tortured if removed to Chile, either by the government or with its acquiescence. *See Arteaga v. Mukasey,* 511 F.3d 940, 948 (9th Cir.2007). Soto did not demonstrate a likelihood of such torture, and substantial evidence supports the denial of CAT relief.

## II. Petition No. 06–75035

We review the denial of Soto's motion to reopen for an abuse of discretion. *See Granados–Oseguera v. Gonzales,* 464 F.3d 993, 996 (9th Cir.2006). We review the due process claim of ineffective assistance de novo, and review the BIA's factual findings for substantial evidence. *See Lin v. Ashcroft,* 377 F.3d 1014, 1024 (9th Cir. 2004).

■ In immigration proceedings, ineffective assistance of counsel "rises to the level of a due process violation where the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Granados–Oseguera,* 464 F.3d at 997 (internal quotations omitted). Soto needed to show that his counsel failed to perform with sufficient competence, and that he was prejudiced because the inadequate performance "may have affected the outcome of the proceedings." *Grigoryan v. Mukasey,* 515 F.3d 999, 1003 (9th Cir.2008) (internal quotations omitted).

■ We agree with the BIA that Soto did not show that his counsel at the hearing was ineffective. Although some of the translated documents were of poor quality, the IJ understood this, reviewed all the evidence carefully, and paid particular attention to Soto's testimony. Soto claims that his counsel told him not to criticize the Chilean government, but Soto nevertheless did so a number of times in his testimony, and in closing argument his counsel stated that the government continued to cooperate with and protect "guerillas." And although no expert witness testified about country conditions in Chile, Soto's counsel did introduce the Department of State Country Report and other materials. Substantial evidence supports the BIA's conclusion that counsel's actions were not so egregious as to prevent Soto from reasonably presenting his case.

PETITIONS FOR REVIEW DENIED.