HAI QUANG VU, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Hai Quang Vu, Petitioner,

v.

Alberto R. Gonzales, Attorney General, Respondent.

Nos. 04–70937, 05–75174.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2006.

Filed Jan. 22, 2007.

Callahan, Circuit Judge, concurred in part, dissented in part, and filed opinion.

Helen A. Sklar, Esq., Law Office of Helen Sklar, Esq., Los Angeles, CA, Kari E. Hong, Law Office of Kari E. Hong, Portland, OR, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., Janice K. Redfern, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Amy S. Howe, Esq., USBO–Office of the U.S. Attorney, Boise, ID, for Respondent.

Before: FISHER and CALLAHAN, Circuit Judges and COLLINS *, District Judge.

### MEMORANDUM **

Petitioner Hai Quang Vu ("Vu"), a Vietnamese National, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of two motions to reopen removal proceedings based on ineffective assistance of counsel. Vu also petitions for review of the BIA's denial of a third motion to reopen. We have jurisdiction under 8 U.S.C. § 1252(b) and review the denial of Vu's motions to reopen for an abuse of discretion. *See Siong v. INS,* 376 F.3d 1030, 1036 (9th Cir.2004). The BIA commits an abuse of discretion when its denial of a motion to reopen is arbitrary, irrational or contrary to law. *Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000). We grant Vu's first petition, deny the second and remand for further proceedings.

### I.

Vu asserts that the BIA abused its discretion in denying his first motion to reopen because the Board erroneously disregarded substantial evidence of his attorneys' incompetence. We agree.

---

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Vu's first counsel presented an incomplete and grammatically incorrect asylum application, did not submit relevant country condition reports, withdrew corroborating evidence, did not elicit material facts relevant to Vu's claims for relief, did not object to the blatant translation errors that occurred during the immigration hearing, and did not object to the IJ subjecting Vu to a quiz to determine whether his knowledge of Catholicism matched her own. Vu's second attorney missed the deadline to file a timely notice of appeal with the BIA and forfeited Vu's ability to pursue cognizable and meritorious issues on appeal. We are persuaded that the representation provided by Vu's first two lawyers rose to the level of ineffective assistance because their mistakes "prevented [Vu] from reasonably presenting his case." *Granados–Oseguera v. Gonzales*, 464 F.3d 993, 997 (9th Cir.2006) (quotation omitted).[1]

The BIA denied Vu's first motion to reopen because it concluded that Vu did not suffer prejudice as a result of his lawyers' incompetence. That ruling was an abuse of discretion. Prejudice is found when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings. *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999). Although the IJ's denial of asylum was based in part on an adverse credibility finding, the transcript reflects that Vu's credibility was undermined by his inability to understand the translator and his inability to articulate his Catholic beliefs according to the IJ's understanding of Catholicism. We are compelled to find that if Vu's first attorney had provided effective assistance by objecting to the translation and the IJ's religious quiz, the outcome might have

been affected. The BIA's finding to the contrary was arbitrary and irrational.

The BIA denied Vu's second motion to reopen because it concluded that Vu had not overcome the IJ's adverse credibility finding and had not demonstrated it was more likely than not he would be tortured if returned to Vietnam. The BIA's conclusion did not violate Vu's due process rights because the BIA clearly stated the reasons for its denial. *See Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998). Vu's reliance on *Campos–Sanchez v. INS*, 164 F.3d 448 (9th Cir.1999), and *Stoyanov v. INS*, 172 F.3d 731 (9th Cir.1999), is misplaced. In those cases, we found a due process violation because the BIA reversed the IJ's finding of credibility sua sponte and without notice to the petitioner. Here, the IJ made the adverse credibility finding in the first instance; Vu was well aware of the IJ's determination when he filed his second motion to reopen and therefore was not deprived of adequate notice. Accordingly, we affirm the BIA's denial of Vu's second motion to reopen.

■ Because the BIA committed an abuse of discretion in rejecting Vu's first motion to reopen, we grant the petition for review in 04–70937 and remand with instructions to grant the motion to reopen. *See Mohammed v. Gonzales*, 400 F.3d 785, 802–03 (9th Cir.2005).

## II.

■ Vu also petitions for review of the BIA's denial of his third motion to reopen, which asserted that Vu's prior counsel had presented grossly inadequate motions to reopen to the BIA and IJ. In his third motion to reopen, Vu also introduced nearly 400 pages of new documentation supporting his claim for asylum. The BIA

---

1. The government does not contest Vu's compliance with the procedural requirements of

*Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988).

dismissed Vu's third motion to reopen because it was not timely filed. We do not disturb that judgment.

Vu filed the motion almost seven years after the IJ's final administrative order, well after the 90–day deadline established by 8 C.F.R. § 1003.2(c)(2). Although this court has stated that deadlines on motions to reopen may be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or *error*," *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (emphasis added), we have never equitably tolled a deadline where, as here, the alien alleges ineffective assistance of counsel without any hint of fraudulent activity. *See, e.g., Singh v. Ashcroft*, 367 F.3d 1182, 1186 (9th Cir.2004); *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1224 (9th Cir.2002); *Varela v. INS*, 204 F.3d 1237, 1240 (9th Cir.2000); *Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir.1999). Even in *Iturribarria*—the case upon which Vu primarily relies—this court tolled the filing deadline because the alien was misled by his lawyer into believing that necessary motions had been timely filed. *Id.* at 898 (holding that failure to timely file an application for suspension of deportation "*combined with deceptive behavior* that misled [the client] into believing that their representatives were proceeding effectively and appropriately" justifies equitable tolling) (emphasis added). Accordingly, we deny the petition for review in 05–75174.

**GRANTED IN PART, DENIED IN PART AND REMANDED.**

CALLAHAN, Circuit Judge concurring and dissenting:

I concur in the majority's denial of Vu's second petition for review and in its affirmance of the Board of Immigration Appeals' denial of Vu's second motion to reopen.

I dissent from the majority's determination that the Board of Immigration Appeals ("BIA") abused its discretion in denying Vu's first motion to reopen. In my view, the BIA's denial was reasonably based on the questionable authenticity of the identification documents that Vu submitted and by the vague and nonresponsive answers Vu gave to the questions posed by the Immigration Judge ("IJ"). Certainly, counsel might have done more, but it was Vu's own testimony that provided a solid basis for the IJ's denial of relief. Moreover, Vu's first motion to reopen did not set forth any evidence that overcame the IJ's adverse credibility finding. As in my opinion, Vu has not shown that counsel's performance was so inadequate that it may have affected the outcome of the proceedings (*see Mohammed v. Gonzales*, 400 F.3d 785, 793–94 (9th Cir.2005)), I respectfully dissent from the majority's partial grant of relief.